**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC : | | |
|     Plaintiff, : | | CIVIL CASE NO. |
| : | | 3:24cv1110 (JCH) |
| v. : | | |
| : | | |
| JOHN DOE, subscriber assigned IP : | | JULY 23, 2024 |
| Address 24.47.168.51, : | | |
|     Defendant. : | | |

**ORDER GRANTING ON CONDITIONS PLAINTIFF'S MOTION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (DOC. NO. 10)**

Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference (Doc. No. 10) is granted, under the following terms and conditions:

1. Plaintiff, having established that "good cause" exists for it to serve a third-party subpoena on Optimum Online (the "ISP"), may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

2. Plaintiff shall immediately serve a copy of this Order on the ISP, and the ISP shall serve a copy of this Order on the subscriber Defendant John Doe. The ISP may serve John Doe using any reasonable means, including written notice sent to the subscriber John Doe's last known address, transmitted either by first-class mail or via overnight service.

3. Because the Defendant John Doe subscriber is not necessarily the person who allegedly infringed, given the non-remote possibility that users other than the subscriber may have used the IP address in question, Defendant John Doe

shall have 60 days from the date of service of this Order upon him or her to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any motion to litigate the subpoena pseudonymously. The ISP may not turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period. Additionally, if Defendant or the ISP files a motion to quash the subpoena, the ISP may not turn over any information to Plaintiff until and unless the Court has ruled on any such motions and issued an order instructing the ISP to resume turning over the requested discovery.

4. The ISP, once subpoenaed, shall preserve any subpoenaed information pending the resolution of any timely motion to quash.

5. Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on the ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

**SO ORDERED**.

Dated at New Haven, Connecticut this 23rd day of July 2024.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge